IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGIA ROGERS,

                Plaintiff,                Case No. 3:07 CV 395

-vs-

                                            MEMORANDUM OPINION

DAIMLERCHRYSLER CORP.,

                Defendant.

KATZ, J.

This matter is before the Court on the Defendant's motion to dismiss or alternatively for summary judgment. Also before the Court is the *pro se* Plaintiff's opposition. With the briefing of the issues having been concluded, the Court finds the Defendant's motion is well taken in part.

**PROCEDURAL HISTORY**

In light of this lengthy litigation and for purposes of clarity, the Court deems it necessary to set forth the following history:

*A. Rogers I*

Georgia Rogers ("Rogers") initiated a complaint on July 11, 2001 against DaimlerChrysler Corporation. *Rogers v. DaimlerChrysler*, Case No. 3:01CV7360 (N.D. Ohio) ("*Rogers I"*). Rogers was employed by the Defendant commencing in September 1985. In April 1988, Rogers claims she was transferred to Defendant's facility in Sterling Heights, Michigan, for phoney reasons. Plaintiff claimed she was denied other jobs available (in Toledo) as well as claiming a cervical injury due to repetitive motions. She further claimed harassment by the Defendant and asserted claims of mental and emotional distress. Rogers was initially represented by counsel but

five months into the litigation, counsel moved for and was granted leave to withdraw his representation. (*Rogers I*, Doc. No. 15.) After several extensions of time to retain new counsel, the litigation proceeded forward with Rogers representing herself. In December 2002, Plaintiff was granted dismissal of the action under Fed. R. Civ. P. 41(a)(1). Contained within that dismissal was the language:

> If no settlement or agreement is reached within one (1)year of the dismissal of the above captioned case, under rule 41 - (A), it is my understanding that I may again file this matter in Federal Court.

(*Rogers I*, Doc. No. 39.)

On December 10, 2003, Plaintiff moved to have the case refiled. (*Rogers 1*, Doc. No. 40.)

*B. Rogers II*

On December 16, 2003, the *pro se* Plaintiff initiated a second complaint in the district court making the identical allegations as contained in *Rogers I*. *Rogers v. DaimlerChrysler*, Case No. 3:03CV7743 (N.D. Ohio) ("*Rogers II*"), which case was assigned to the Hon. James G. Carr. In July 2004, counsel for defense filed a status report in both *Rogers I and Rogers II* identifying the duplicate cases pending in the district court and containing a request to consolidate the cases. (*Rogers I,* Doc. No. 42, *Rogers II*, Doc. No. 15.) Judge Carr dismissed the case without prejudice as a duplicate action pending in *Rogers I*. Upon Plaintiff's objection to the dismissal, the Court construed it as a motion to reconsider, confirmed the dismissal and determined that an appeal (of *Rogers II*) could not be taken in good faith. (*Rogers II*, Doc. No.22.)

*C. Rogers I–Reopened*

In July 2004, the Court granted Plaintiff's motion and reopened *Rogers I*. The docket reflects attempts at settlement as well as setting deadlines, including a trial date. Additionally, the

2

*pro se* Plaintiff unsuccessfully moved for recusal of the undersigned. In April 2005, Plaintiff again moved for a Rule 41(a) dismissal with the right to refile the action for a year; however, Plaintiff also noted the Defendant's refusal to agree until Plaintiff's deposition was concluded. (*Rogers I*, Doc. No. 56.) Discovery proceeded and in January 2006, Plaintiff requested a conference and another dismissal (*Rogers I*, Doc. No. 94.) On February 10, 2006, the Court issued the following Order:

> Upon the request of Plaintiff and with the consent of Defendant, this matter is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a); each party to bear their own costs.

(*Rogers I*, Doc. No. 97.)

*D. Rogers III*

On February 12, 2007, Rogers filed a third complaint *pro se*. As correctly noted by Defendant, the complaint is a mirror of those filed in *Rogers I* and *II*, except for the following handwritten additions:

> After ¶ 11. . .
>
> After Plaintiff filed charges in July 2001, Defendant fired Plaintiff without just cause effective May 2, 2003.
>
> Prior to the prayer for relief,
>
> Ref Cases No. 3:01CV7360 and 3:03CV7743 as part of this action.

(*Rogers III*, Doc. No. 1.)

On June 15, 2007, Defendant filed the instant motion to dismiss, seeking dismissal of Plaintiff's new wrongful termination claim under the doctrine of *res judicata* and as barred by the applicable statute of limitations. In addition, the Defendant seeks dismissal of the original claims

3

based on procedural claims as well as on the merits. The Court now turns to address those arguments *in seriatim*.

## MOTION TO DISMISS

*A. Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), while viewing the complaint in a light most favorable to the plaintiffs. *Evans v. Marshall v. Bd. of Educ.*, 428 F.3d 223, 228 (6th Cir. 2004); *Scheuer v. Rhodes*, 416 U.S. 232, 236(1974). The Court is without authority to dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007) (citation omitted); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In considering a motion under Rule 12(b), the court may consider not only the facts alleged in the complaint but documents attached as exhibits or incorporated by reference as well as public documents. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999). *See also* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1][c] (3d ed. 2006). Accordingly, the Court can consider the certified copies from Macomb County, Michigan and copy of the dismissal notice by the Equal Employment Opportunity Commission. These documents constitute public records, the EEOC document has been authenticated via an affidavit from Defendant's EEO's Staff Advisor. The EEOC document is central to the Plaintiff's claim of wrongful termination referenced in her wrongful termination claim.

*B. Plaintiff's Opposition*

In addressing the Defendant's motion to dismiss, Plaintiff's opposition consists of the following argument:

> PLAINTIFF OBJECT AND REQUEST CASE REVIEW TO CHALLENGE FALSE ALLEGATIONS OF DEFENDANT, VIOLATIONS OF PRIVACY LAW, AND SLANDER.

*(Rogers III,* Doc. No. 11, at pp. 3-4.) Plaintiff also requests a case review before the Hon. Vernelis K. Armstrong.

*C. Wrongful Termination*

    1. Doctrine of *Res Judicata*

The Defendant contends that Plaintiff's wrongful termination claim is barred as a matter of law based upon a prior adjudication in a Michigan state court.

Black's Law Dictionary defines the *res judicata* in the following manner:

> A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.

p. 1305 (6th ed. 1990). The doctrine of *res judicata* includes both issue preclusion and claim preclusion. *Wilkins v Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).

As noted by the Sixth Circuit recently:

> The doctrine of res judicata or "claim preclusion" prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies.

*Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 2007 WL 2478650 (6th Cir. Aug. 31, 2007) *citing Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) and *Mitchell v.*

5

*Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Moreover, under 28 U.S.C. § 1738, "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the court of such State".

In order to establish claim preclusion, the following elements are required:

1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action.

*Hayes v. City of Memphis*, 108 Fed. Appx. 262, 264 (6th Cir. 2004), citing *Bittinger v. Techumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir. 1997).

In this instance, on May 15, 2005, the Plaintiff filed the following action with the Macomb County Circuit Court in Mount Clemons, Michigan:

DaimlerChrylser Corporation Finance Division of Manufacturing Group Accounting, located in Sterling Heights, MI on May 2, 2002, unlawfully terminated me.

    1. <u>The reasons for termination given by the above named defendant was in fact "FALSE.</u>

    2. DaimlerChrysler falsely accused me on failing to report to Sterling Heights Assembly Plant Medical Dept., (as instructed) on or before May 2, 2002.

    3. This employer was provided proof that I had complied with all I instructions they had provided and I DID REPORT TO PLANT MEDICAL DEPARTMENT, STERLING HEIGHTS, MI ON MAY 2, 2002 AS INSTRUCTED.

4. THE DEFENDANT IN THIS CASE HAS REFUSED TO TAKE RESPONSIBILITY FOR THEIR IMPROPER ACTION REGARDING "MY IMPROPER TERMINATION", AND TO DATE, "I HAVE NOT BEEN MADE WHOLE OR REIMBURSED FOR THE LOSSES OF THE PAST, PRESENT AND FUTURE".

> 5. BASED ON ALL EVIDENCE THAT WILL BE PROVIDED IN THIS CASE, INCLUDING INADIQUATE [sic] OFFERS MADE BY THE DEFENDANT TO SETTLE THIS MATTER AND AVOID TAKING RESPONSIBILITY FOR THEIR INAPPORIPRIATE [sic] ACTIONS.

(Def. Exh. 1 at p.7-8.) On November 23, 2005, after the Defendant filed an unopposed motion to dismiss and Plaintiff failed to appear for oral argument thereon, Hon. Mary A. Chrzanowski, granted dismissal of the case "with prejudice and without costs." (Id. at p. 11.) The Order entered by the state circuit court indicated the "Motion to Dismiss Complaint is GRANTED. THIS IS A FINAL ORDER AND CLOSES THE CASE." (Id. at p. 12.)

First, there is no dispute that a final decision was rendered by the Michigan circuit court on the merits or that the state court was without jurisdiction. Second, the Michigan state court action involves the same parties as the instant litigation. Third, the issue of wrongful termination was litigated in the Michigan circuit court (albeit unsuccessfully from Plaintiff's vantage point). Finally, there is an identity of the cause of action as the Plaintiff herein seeks to reassert a wrongful termination claim anew. As the four requirements for claim preclusion have been established, Plaintiff's claim is barred under the doctrine of claim preclusion under the umbrella doctrine of *res judicata*.

2. Statute of Limitations

Assuming *arguendo* that claim preclusion is not applicable, Plaintiff's claim of wrongful termination is also untimely under the relevant statute of limitations.

Under 42 U.S.C. § 2000e-5(e) and (f), a claimant who receives a right-to-sue letter must file suit within ninety (90) days of the notification. Here, the affidavit of Defendant's EEO Staff Advisor in the Corporate Diversity Office attests to the document entitled "Dismissal and Notice of Rights" by the EEOC to Plaintiff and received by the Defendant on June 2, 2003. (Def. Exh.

7

2.) Plaintiff filed the instant suit on February 12, 2007, nearly four years or forty-four months after notice was received by the Defendant.

In the context of Title VII timely filing requirements, "'[A]ll [Title VII] claimants, including pro se claimants have a responsibility to meet the requirements of the law.'" *Granderson v. University of Michigan*, 211 Fed. Appx. 398, 401 (6th Cir. 2006), quoting *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715 at *6 (6th Cir. 2000). The Plaintiff does not plead any circumstances or make an argument which could reasonably be construed as supporting equitable tolling, waiver or estoppel. Moreover, even if Plaintiff had timely filed a complaint which was later dismissed without prejudice, it would not toll the statutory filing period under Title VII. *See Canady v. Klaiber*, 2007 WL 81858 *3 (N.D. Ohio 2007).

As the Plaintiff's Title VII claim is far outside of the 90 day right-to-sue window, her wrongful discharge claim is also time barred and subject to dismiss§al.

*D. Remaining Claims*

Initially, the Defendant contends that Plaintiff's second voluntary dismissal acts as a dismissal on the merits with regard to the original remaining claims. This Court disagrees. The "two dismissal rule" has been deemed inapplicable where the voluntary dismissals are with the defendant's consent. *See generally,* 8 MOORE'S FEDERAL PRACTICE § 41.33 [7] (3d ed. 2006). In this instance, the dismissals in *Rogers I*, in December 2002 (*Rogers I*, Doc. No. 39) and February 2006 (*Rogers I*, Doc. No. 97), were both with consent from the Defendant rendering the two dismissal rule inapplicable to this litigation.

In reviewing Plaintiff's complaint, she contends causes of action under Title VII, 42 U.S.C. §2000 et seq., 42 U.S.C. § 1981, as well as claims under Ohio Rev. Code §§ 4122.01-

8

4112.99 et seq. The Defendant submits arguments requesting dismissal based largely upon the statute of limitations as well as the applicability of Ohio's workers' compensation immunity. Given that Plaintiff is representing herself *pro se* and the vagueness of the complaint (originally filed in 2001), in this Court's view the better course is to resolve disputes on the merits. For this reason, Defendant's motion to dismiss the remaining claims is denied. However, the Court will grant the Defendant the right to file a motion for summary judgment.

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss (Doc. No. 10) is granted as to the claims of wrongful termination but denied as to the remaining claims. The Defendant is granted until November 5, 2007 to move for summary judgment.

IT IS SO ORDERED.

                                           s/ *David A. Katz*
                                           DAVID A. KATZ
                                           U. S. DISTRICT JUDGE