IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGIA W. ROGERS,

                  Plaintiff,                  Case No. 3:07 CV 395

      -vs-

                                                  O R D E R

DAIMLERCHRYSLER CORP.,

                  Defendant.

KATZ, J.

This matter is before the Court on *pro se* Plaintiff's objections (Doc. Nos. 19 and 20) to the Court's Memorandum Opinion and Order of September 19, 2007 and vacation of the trial date. The Defendant has not responded thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court will consider the Plaintiff's objections as a motion for reconsideration.

**MOTION FOR RECONSIDERATION**

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994);

*Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

The Plaintiff does not argue that there has been an intervening change in the law which provided the rule of decision in this case. Nor do she suggest that evidence has newly become available to her which would require a different result. Rather, the arguments given in her motion to alter or amend amounts to little more than a disagreement with the Court's decision, and advises the Court that it should – based on the same law, cases and arguments previously cited – change its mind. A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. The Plaintiff's latest round of arguments is more appropriately reserved for appellate review, where she can raise anew, to a different judicial tribunal, her unavailing arguments. *See Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985).

Therefore, Plaintiff's motions for reconsideration (Doc. Nos. 19 and 20) are denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE